### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT OWENSBORO

**LARRY W. WILSON**                                                               **PETITIONER**

**v.**                                               **CIVIL ACTION NO. 4:08-CV-P124-M**

**COMMONWEALTH OF KENTUCKY et al.**                       **RESPONDENTS**

### MEMORANDUM OPINION

Petitioner Larry W. Wilson filed a petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of Indiana (DN 1). Petitioner lists the following as Respondents: the Commonwealth of Kentucky; the State of Indiana, and Eric Williams, Sheriff of Vanderburgh County.[1] The Southern District of Indiana has transferred Petitioner's § 2254 petition to this Court (DN 6).

According to the petition, Petitioner was convicted in Indiana in June 2005 of resisting law enforcement and "evading", and he was convicted in Henderson County, Kentucky, in August 2005 of possession of a controlled substance and drug paraphernalia. In his petition, Petitioner states that he did not appeal his conviction, but that he did file a motion to dismiss the indictments against him in Kentucky on the basis that the Commonwealth of Kentucky violated the terms of the Interstate Agreement on Detainers (IAD). That motion was denied in August 2005.

Petitioner argues in his petition, first, that the Commonwealth of Kentucky had no

---

[1] The Court notes that Petitioner has not named the proper respondents. "[A] writ of habeas corpus, if granted, must be directed 'to the person having custody of the person detained.'" *De Los Santos v. United States*, 133 F. App'x. 992, 992-93 (6th Cir. 2005) (citing 28 U.S.C. § 2243; *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973)). However, because his petition will be dismissed, the Court need not address the issue of the improperly named respondents at this time.

jurisdiction over him because he was a prisoner of Indiana and no IAD detainer was presented to the state of Indiana by the Commonwealth of Kentucky.  In his second ground, Petitioner alleges that neither the sending state (Indiana) nor the receiving state (Kentucky) produced Petitioner before a judge as specified in the IAD and therefore both states lacked jurisdiction over him.  Finally, in ground three, Petitioner claims that his right against Double Jeopardy has been violated because he was first sentenced in Indiana to five years and, before that sentence began, he was taken to Kentucky where he received and completed a six-year sentence in prison, then he was returned to Indiana to serve the five-year sentence even though, according to Petitioner, the five-year sentence was running the entire time.

Petitioner states that he did not raise these allegations in Kentucky state court because he was not aware of them at the time.  Attached to his complaint is an August 16, 2005, decision of the Henderson Circuit Court overruling his motion to dismiss the indictments against him based on the IAD.  He has also attached an August 17, 2005, judgment of the Henderson Circuit Court.  That order fixed his punishment for the offense of possession of a controlled substance at five years in prison and the punishment for the offense of possession of drug paraphernalia at 12 months in prison, with that 12-month sentence to run concurrently with his five-year sentence and with the sentence imposed by the Henderson Circuit Court to run consecutively to any sentence Petitioner was previously sentenced to serve.

**I.      Allegations regarding the IAD**

Petitioner claims that his right to due process was violated because the Commonwealth of Kentucky did not have jurisdiction over him because he was a prisoner of the State of Indiana and no IAD detainer was presented to the State of Indiana.  He also argues that neither the

2

sending nor the receiving state had jurisdiction over him because neither state brought him before a judge as specified in the IAD.

"The IAD[2] is a congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal construction." *Norton v. Parke*, 892 F.2d 476, 477 n.2 (6th Cir. 1989). Kentucky, a signatory of the IAD, has codified it at Ky. Rev. Stat. § 440.5450.

Petitioner has not alleged that he exhausted the formal procedure laid out in the IAD. In fact, the August 16, 2005, order of the Henderson Circuit Court states that no notice was filed under the IAD by Petitioner and that he did not file a new IAD request once he was in Indiana. Prisoners challenging extradition actions must pursue the remedies laid out in the IAD before seeking habeas relief in federal court. *Norton*, 892 F.2d at 480 (describing the various IAD forms to be used in requesting relief under the IAD). As the Sixth Circuit held in *Norton*, it is not enough to file pleadings in the state court invoking the IAD. *Id.* at 480-81.

Not only has Petitioner not exhausted his remedies under the IAD, he has not exhausted his state court remedies. For exhaustion to occur, the state courts must have a full opportunity to resolve any constitutional issues, including one full round of the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner's claims regarding the IAD must be dismissed for failure to exhaust.

## II.     Allegations regarding Double Jeopardy

Petitioner labels his third claim "Double Jeopardy" and states:

> The Petitioner was first sentenced in Indiana to a term of 5 yrs.

---

[2] *See* 18 U.S.C.A. App. § 1 *et seq.*

> D.O.C. before the Petitioner began that sentence he was taken to Kentucky where he received a 6 yr. sentence to D.O.C. and where he remained until that sentence was completed. Then he was returned to Indiana to serve the 5 yr. Sentence. Said sentence was running the entire time.

Thus, it appears that while Petitioner claims that this is a double jeopardy issue, the claim actually involves the legitimacy of being made to serve his sentence in *Indiana*, which he argues was to run concurrently with his Kentucky sentence. This Court does not have jurisdiction over claims involving the sentence imposed on him by the Indiana court. Thus, this Court will dismiss this claim for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition

or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

       The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:    Petitioner, *pro se*
       Respondents
       Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
         1024 Capital Center Drive, Frankfort, KY 40601
4414.009